# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BONITA ANISKEVICH,** : | |
| **Plaintiff,** : | **CIVIL ACTION NO. 3:08-0966** |
| v. : | **(MANNION, M.J.)** |
| **BLUE RIDGE PRESSURE** : | |
| **CASTINGS, INC., and UNITED** | |
| **AUTO WORKERS UNION Local** : | |
| **1098,** | |
| : | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Before the Court is defendant United Auto Workers Local 1098's ("Local 1098") motion for summary judgment. (Doc. No. 28.[1]) Having considered the parties' briefing and other papers, relevant state and federal statutes, rules, and case law, the Court will **GRANT** the motion.

## I.   PROCEDURAL BACKGROUND

The procedural background of this litigation does not appear to be in dispute. Plaintiff Bonita Aniskevich originally filed her three-count complaint in the civil division of the Court of Common Pleas of Carbon County, Pennsylvania on or about November 20, 2007. (Doc. No. 1 at 1.) She

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

asserted claims under the Americans with Disabilities Act (count 1 or the "ADA Count"), under the Pennsylvania Human Relations Act (count 2 or the "PHRA Count"), and under section 301 of the Labor Management Relations Act (count 3 or the "LMRA Count"). Each count was brought against both her employer, defendant Blue Ridge Pressure Castings, Inc. ("Blue Ridge"), and against her union, defendant Local 1098. (Doc. No. 1 at 5, 11.) The plaintiff argues that after long service on the job her health began to decline and she suffered an on-the-job injury. (Doc. No. 35 at 1.) She sought accommodations from her employer in terms of leaving early and regular rest periods during the business day. These efforts were rebuffed by her employer, Blue Ridge. Moreover, during these negotiations with Blue Ridge, plaintiff maintains that Local 1098, her union, failed to represent her in good faith.

Defendant Blue Ridge removed the action from state court into the United States District Court for the Eastern District of Pennsylvania. (Doc. No. 1 at 1.) Once in federal court, the parties filed a variety of papers, including: an answer, (Doc. No. 6), an amended complaint and an answer to the amended complaint, (Doc. No. 8 & Doc. No. 10), and a second amended complaint and an answer to the second amended complaint filed by Local 1098, (Doc. No. 11 & Doc. No. 12). Thereafter, Judge Ditter, who presided over this action in the Eastern District, transferred this case to the United States District Court for the Middle District of Pennsylvania because Carbon County is in the Middle District, not the Eastern District. (Doc. No. 14.) Once

2

transferred to this district, this case became ultimately assigned to the undersigned. (Doc. No. 23.)

Defendant Local 1098 filed a timely summary judgment motion, (Doc. No. 28), with a statement of facts, (Doc. No. 30), and supported by a memorandum of law, (Doc. No. 31). Plaintiff responded with an opposition brief only, (Doc. No. 35), to which defendant Local 1098 replied, (Doc. No. 39). The gravamen of Local 1098's motion is that the ADA Count and PHRA Count should be dismissed on exhaustion grounds, and that the LMRA Count should be dismissed because Local 1098 did not breach its duty of fair representation.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Aetna Casualty & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At

the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear

4

the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23; *Jakimas v. Hoffman La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007). Where, for example, the non-movant opposes summary judgment merely by standing on its own pleadings, and offers no other evidence in regard to a contested material fact, then the movant's motion will be granted. *See First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968) ("What Rule 56(e) does make clear is that a party cannot rest on the allegations contained in his complaint in opposition to a properly supported summary judgment motion made against him."); *Arnold Pontiac-GMC, Inc. v. General Motors Corp.*, 786 F.2d 564, 575 (3d Cir. 1986).

### III. LEGAL ANALYSIS

Defendant Local 1098 asserts that the ADA Count and PHRA Count should be dismissed on exhaustion grounds, and that the LMRA Count should be dismissed because Local 1098 did not breach its duty of fair representation. The Court turns to each argument in turn.

#### A. Exhaustion

The Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, provides that:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee

compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. §12112(a). The coverage of the ADA extends to a union defendant. *See* 42 U.S.C. §12111(2) ("The term 'covered entity' means an employer, employment agency, *labor organization*, or joint labor-management committee.") (emphasis added). Plaintiff asserts just such a discrimination claim against her employer and Local 1098.

Local 1098 argues that plaintiff has failed to exhaust her administrative remedies as required by statute. *See* 42 U.S.C. §§ 2000e-5(e), (f)(1); *see also, e.g.*, *Bracciale v. City of Philadelphia*, Civ. A. No. 97-2464, 1997 WL 672263, at *7 (E.D. Pa. Oct. 29, 1997) ("A plaintiff alleging a violation of [the ADA] must exhaust administrative remedies available through the Equal Employment Opportunity Commission ('EEOC') before filing a court action."). Likewise, a discrimination claim asserted under the PHRA also requires exhaustion of administrative remedies. *See Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 469-71 (3d Cir. 2001); *Dunlap v. Boeing Helicopter Division*, Civ. A. No. 03-2111, 2005 WL 435228, at *4 (E.D. Pa. Feb. 23, 2005); *Kuhn v. Oehme Carrier Corp.*, No. CI-02-10818, 2003 WL 23219633, 63 Pa. D. & C. 4th 490, 496 (Pa. Com. Pl. Ct. Aug. 28, 2003) (noting that the PHRA "requires exhaustion").

Here the undisputed evidence indicates that plaintiff filed a charge of discrimination with the EEOC. However, plaintiff only filed the EEOC

6

discrimination action against her employer, not against Local 1098. Local 1098 argues that this is insufficient to exhaust as to Local 1098.

> Nowhere in [plaintiff's] charge against Blue Ridge or in the supporting documentation does [plaintiff] even allege discrimination against her by [Local 1098]. The charge does not contain facts related to claims of discrimination by [Local 1098], and a reasonable investigation of the charges [by the EEOC] would not have encompassed th[e] claim [now pursued by plaintiff against Local 1098] within [the] scope [of its investigation].

Doc. No. 28 at 5 (citation omitted); *see also* Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996) (holding that a claim is considered administratively exhausted if "the claims at issue [in the judicial proceedings] fall fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom"). It is not contested that plaintiff made efforts to exhaust her administrative remedies before both the EEOC and the Pennsylvania Human Relations Commission (the "PHRC"), and, indeed, used the same filing with the EEOC to accomplish both. *Compare Carter v. Philadelphia Stock Exch.*, Civ. A. No. 99-2455, 1999 WL 715205, at *1 (E.D. Pa. Aug. 25, 1999) (holding that PHRA exhaustion requirements are met where "the documents submitted to the EEOC demonstrate that plaintiff did request cross-filing of her charge both in the cover letter attached to the EEOC charge and on the first page of the charge itself, and also on an official form used by the EEOC for requests for dual-filing"), *with* Doc. No. 28-10 a 5 (reproducing plaintiff's one-page dual-filing form with the PHRC, as part of her filing with the EEOC), *and id*. at 2, 3 (noting dual filing on cover letter to EEOC and on the first page of the charge

7

filed before the EEOC).

Plaintiff's opposition brief makes no direct response to Local 1098's exhaustion argument. *See* [Doc. No. 35](#) at 4 (setting out standard of review in a "LMRA SECTION 301 Case"). On this basis, Local 1098 argues that defendant has conceded the issue of exhaustion. *See* [Doc. No. 39](#) at 1-2. Given that plaintiff is represented by counsel, it could be construed that plaintiff's decision not to specifically respond to Local 1098's exhaustion argument indicates an intention to waive her claim in regard to the ADA and PHRA Counts against Local 1098. To the extent that plaintiff does not intend to waive these counts, however, the Court holds, on these facts, that a plaintiff's efforts to exhaust against one defendant does not exhaust the same claim vis-a-vis other unnamed defendants unless the EEOC's actual investigation puts the unnamed defendant on notice of the action. As the Third Circuit explained "[t]he purpose of requiring exhaustion is to afford the EEOC the opportunity to *settle disputes* through conference, conciliation, and persuasion, avoiding unnecessary action in court." *[Antol](#)*, [82 F.3d at 1296](#) (emphasis added). The settlement-of-dispute function is undermined to the extent that a plaintiff fails to name a defendant in its filing before the EEOC. For this reason, it appears that plaintiff has not exhausted her claim in regard to Local 1098.

Plaintiff does put forth one argument in regard to exhaustion. Plaintiff argues:

> It has long been established that an individual employee may bring suit against her employer for breach of a collective bargaining agreement. Ordinarily, an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement. In *Vaca v. Sipes*, [386 U.S. 171 (1967),] however, the [Supreme] Court recognized that this rule works an unacceptable injustice when the union representing the employee in a grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation.

Doc. No. 35 at 10 (citations and quotation marks omitted). Assuming the legal argument above applies here, plaintiff has not cited evidence in the record in order to oppose summary judgment. Plaintiff does not cite defendant's pleadings (as opposed to her own), any depositions, any answers to interrogatories, any admissions on file, or any affidavits. For example, at pages 10 to 11 of plaintiff's opposition brief, where the legal argument above citing *Vaca v. Sipes* is put forward, there are no citations to the record. At pages 3 to 4 of plaintiff's opposition brief, where plaintiff outlines the factual basis[2] for its assertion that Local 1098 violated its duty of good faith in regard to representing the plaintiff, plaintiff cites her own complaint seven times, and

---

[2] Plaintiff filed a statement of undisputed material facts on May 28, 2009. (Doc. No. 40.) This late filing came after plaintiff filed its opposition brief and *after* defendant Local 1098 filed its reply on May 18, 2009. The relevant sections of plaintiff's statement of undisputed material facts, paragraphs 13 to 17, cite plaintiff's own amended complaint eight times, and cite plaintiff's deposition once for a minor point that standing alone is insufficient to avoid summary judgment. *I.e.,* that under the collective bargaining agreement an employee is not deemed terminated until two years of not working have passed. Indeed, plaintiff's statement of undisputed material fact seemingly reiterates her opposition brief.

9

plaintiff cites her deposition one time for a minor point that does not create an issue which avoids summary judgment. The one fact in the record asserted by plaintiff in support of its position that Local 1098 breached its duty of fair representation, by failing to act in good faith, is that "an employee [such as plaintiff under the terms of the collective bargaining agreement] has two years of not working before the employment is deemed terminated." *See* Doc. No. 35 at 8 (citing plaintiff's deposition).

Local 1098's position is that the actions it took on behalf of plaintiff met its obligation to fairly represent the plaintiff. *See* Doc. No. 31 at 11-12 (reciting actions taken by Local 1098). It has put forward evidence in the record to support its position. *See* Doc. No. 30 at 4-6 (citations to the record in support of Local 1098's position that it fairly represented plaintiff). For example, Local 1098 argues – based on the record – that its representatives met with the plaintiff, that they discussed her need for an accommodation, that the local's president suggested that she seek a more specific medical request than the vague one initially supplied by plaintiff's doctor, that the union shop representative discussed plaintiff's request on at least two occasions with defendant Blue Ridge (represented by its production manager and its human resources manager), that the president of Local 1098 discussed plaintiff's situation with the United Auto Workers Area Representative to determine whether Blue Ridge's position violated the collective bargaining agreement, and, finally, Local 1098 reached the conclusion, after prior discussions, that

10

Blue Ridge's position did not violate the collective bargaining agreement. *Id*. These alleged facts, supported by the record, tend to establish that Local 1098 acted in good faith. More importantly, these facts are not contradicted merely by plaintiff's asserting (albeit, based on the record) that Local 1098 had two years to act on plaintiff's behalf. Because plaintiff puts forward no other fact tending to establish Local 1098's bad faith, Local 1098 is entitled to summary judgment.

To put it another way, plaintiff has not come forward with evidence and has merely stood on her own pleadings. That is insufficient at the summary judgment stage. *See First Nat. Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 289 (1968); *Arnold Pontiac-GMC, Inc. v. General Motors Corp.*, 786 F.2d 564, 575 (3d Cir. 1986). For the reasons elaborated above, the Court will grant Local 1098 summary judgment in regard to the ADA and PHRA Counts.

**B.     Duty Of Fair Representation**

Plaintiff's amended complaint alleges that defendants violated section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. §185. *See* Doc. No. 11 at 11; *see also* Doc. No. 35 at 10. It is hornbook law that labor organizations owe an implied statutory duty of fair representation to their members under the National Labor Relations Act, 29 U.S.C. § 151 *et seq*.; *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 73 (1989). A union member will often assert a claim for breach of the duty of fair representation (owed by the union) in combination with a claim against his

11

or her employer under the LMRA, i.e., a so-called "hybrid" claim. "[A] union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998). Here, plaintiff alleges that Local 1098's actions were perfunctory and in bad faith. *See* Doc. No. 11 at 12; Doc. No. 35 at 12.

Plaintiff's hybrid claim does not survive for the same reasons her ADA and PHRA claims do not survive. Local 1098 has put forward evidence in the record establishing the defendant's good faith. In response to those facts, plaintiff's opposition brief and (later) statement of undisputed material facts merely cite her own pleadings. The gravamen of plaintiff's response is to admit the facts put forward by Local 1098, but to suggest that the defendant union's actions were ineffective, and therefore insufficient legally, and therefore arbitrary or in bad faith. Ineffective action does not establish bad motives were behind Local 1098's decision-making. Ineffective action does not establish that Local 1098 was hostile to its union member, the plaintiff. Ineffective action does not establish that the union's conduct was arbitrary. For plaintiff to withstand Local 1098's summary judgment motion, plaintiff must put forward facts – based on the record – which, at least, create a jury question in regard to the union defendant's good faith. Mere ineffective representation cannot establish bad faith (or a lack of good faith). If it did, every negligence claim in regard to union conduct would be actionable. For

12

example, in *Bazarte v. United Transp. Union*, 429 F.2d 868 (3d Cir. 1970), the Third Circuit explained:

> The union has an obligation in exercising its power as bargaining agent to act fairly under the collective bargaining agreement and not to assert or press grievances which it believes in good faith do not warrant such action. An employee, therefore, is subject to the union's discretionary power to settle or even to abandon a grievance, so long as it does not act arbitrarily, and this is true even if it can later be demonstrated that the employee's claim was meritorious. It is therefore essential to plaintiff's claim that there should have been proof of arbitrary or bad-faith conduct on the part of the Union in processing his grievance. It follows from this that proof that the union may have acted negligently or exercised poor judgment is not enough to support a claim of unfair representation.

*Id*. at 872 (quotation marks omitted). Because no such evidence has been put forward here, the Court will grant summary judgment on this count.

### IV.    CONCLUSION

For the reasons elaborated above, the Court **GRANTS** defendant United Auto Workers Local 1098's motion for summary judgment. Specifically, the Court:

(1) **GRANTS** the motion for summary judgment, (Doc. No. 28); and,

(2) **TERMINATES** defendant Local 1098 from this action.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATED: June 8, 2009**

O:\shared\MEMORANDA\2008 MEMORANDA\08-0966-01.wpd

13